924 F.2d 1060
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alvin E. WAKEFIELD, Plaintiff-Appellant,
v.
David L. BAKER, Warden, David Morris, Joseph McNeil, Connie
Jones, Blaney, Capt., Art Bishop, Lt., Purtee,
Sgt., Tillett, Officer, J.C. Jordan,
Defendants-Appellees.
 No. 90-3370.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. He requests the appointment of counsel on appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Alvin E. Wakefield sought declaratory, injunctive and monetary relief against each of nine defendants sued in their individual and official capacities. Wakefield alleged that defendants, the warden and other staff members at the Orient Correctional Institution, discriminated against him based on his religious beliefs as an Indian. Wakefield maintained that the alleged discrimination is retaliatory because he is permitted to wear long hair.
 
 
 3
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 4
 We affirm essentially based upon the opinion of the district court. Although defendants did not challenge Wakefield's factual allegations, they are still entitled to judgment as a matter of law because the allegations of wrongdoing do not rise to the level of constitutional violations. Moreover, Wakefield has not identified any conduct which infringed on his religious beliefs. Cf. Pollock v. Marshall, 845 F.2d 656, 658-59 (6th Cir.), cert. denied, 488 U.S. 987 (1988). Similarly, the alleged wrongful acts do not constitute the egregious abuse of governmental power necessary to establish a claim of retaliation against him for the exercise of his first amendment rights. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.